# Exhibit A

Colin M. Page & Associates
333 Route 46 West, 2nd Floor
Mountain Lakes, New Jersey 07046
T: 973-794-6188 | F: 973-909-7553
colin@page-employment-law.com
Attorneys for Plaintiff

| | |
|---|---|
| CARLOS CHAVEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AAMCO TRANSMISSIONS, INC. and<br>AMERICAN DRIVELINE CENTERS, INC.,<br><br>　　　　　Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – ESSEX COUNTY<br><br>Docket No. L-6823-12<br><br>Civil Action<br><br>COMPLAINT |

1. Plaintiff, SPC Carlos Chavez ("SPC Chavez"), residing at 30 Lafayette Place, in the city of Kearny, in the County of Hudson, New Jersey, by way of Complaint against Defendants, AAMCO Transmission, Inc. ("AAMCO") and American Driveline Centers, Inc. ("ADC"), states as follows:

## FACTUAL ALLEGATIONS

2. SPC Chavez is a Specialist (E-4) in the Army Reserves and is assigned to the 306th Engineer Company in Amityville, NY.

### SPC Chavez's Employment at AAMCO's Linden Center

3. In February 2009, SPC Chavez began working as an automotive mechanic for AAMCO at one of its franchise centers in Linden, New Jersey.

1

4. During his employment, AAMCO and its franchisee interfered with SPC Chavez's rights under the Uniformed Services Employment and Reemployment Act, and retaliated against him when he complained.

5. Thereafter, on May 7, 2010, SPC Chavez filed a Complaint in the Superior Court of New Jersey, Hudson County, Law Division, alleging, *inter alia*, violations of the Conscientious Employee Protection Act ("CEPA") and the Uniformed Services Employment and Reemployment Act ("USERRA"), naming both AAMCO and its franchisee as Defendants.

6. On March 16, 2012, AAMCO filed a motion for summary judgment based upon it's assertion that it was not SPC Chavez's employer, which was granted.

7. On April 13, 2012, SPC Chavez filed a motion for reconsideration of the Court's March 16, 2012 summary judgment decision, which was denied.

8. On May 2, 2012, SPC Chavez filed a motion for leave to appeal the March 16, 2012 summary judgment decision with the Appellate Division, which was denied.

9. Thereafter, a trial date was scheduled for October 16, 2012, with the franchisee being the only remaining defendant, since AAMCO had been granted summary judgment.

### AAMCO Hires SPC Chavez for its Newark Center

10. On June 11, 2012, SPC Chavez responded to a posting on Craigslist for a job as an Automotive Diagnostic Technician at AAMCO's Newark center.

11. On June 19, 2012, SPC Chavez received a phone call from Brian Maximovich ("Maximovich"), AAMCO's Franchise Support Manager for the Northeast Region, offering him a job interview.

12. That same day, SPC Chavez attended the scheduled interview with Maximovich.

13. Maximovich did not know about SPC Chavez's prior claims against AAMCO and its franchisee.

14. During the interview, Maximovich made several statements to SPC Chavez regarding his involvement with AAMCO's hiring processes.

15. On July 18, 2012, SPC Chavez met again with Maximovich to iron out some outstanding issues.

16. During that meeting, Maximovich informed SPC Chavez that if he ever encountered any wage/payment issues, that he should contact Maximovich directly.

17. Following this meeting, Maximovich routinely communicated with SPC Chavez regarding his start date.

18. However, SPC Chavez's start date was postponed several times because the Newark center was not ready to open yet.

19. Finally, Maximovich informed SPC Chavez that he expected the Newark center to open for business on August 20, 2012.

### AAMCO Hires SPC Chavez's Father for its Newark Center

20. SPC Chavez's father, Carlos I. Chavez, was also hired by Maximovich.

21. Maximovich informed SPC Chavez's father that August 20, 2012 would be his start date as well.

22. Upon Carlos I. Chavez informing his prior employer that he was taking a job with AAMCO, he was terminated.

## AAMCO Retaliates against SPC Chavez

23. On August 13, 2012, SPC Chavez's counsel notified AAMCO's counsel that SPC Chavez intended to file a second motion for reconsideration of the Court's granting of summary judgment to AAMCO in the matter regarding the Linden AAMCO.

24. Immediately thereafter, Maximovich completely stopped communicating with SPC Chavez and his father, despite their repeated attempts to contact Maximovich to confirm the August 20, 2012 start date.

25. SPC Chavez's father went to the Newark center on August 20, 2012, but it had not been opened yet and nobody was there.

26. SPC Chavez was informed by his father that nobody was at the Newark center, so SPC Chavez did not go.

27. AAMCO never contacted SPC Chavez directly to inform him that the offer to work at the Newark center had been withdrawn.

28. On September 7, 2012, AAMCO's opposition papers to SPC Chavez's second motion for reconsideration stated that his employment had effectively been rescinded because of SPC Chavez's failure to appear at the Newark center on August 20, 2012.

29. As a result of AAMCO's withdrawal of its job offer in retaliation for SPC Chavez filing the motion for reconsideration, SPC Chavez has lost approximately $100 per week in income, and suffered considerable emotional distress, especially due to his father losing his job.

## COUNT ONE – CONSCIENTIOUS EMPLOYEE PROTECTION ACT

30. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

31. Defendants retaliated against Plaintiff for pursuing his claims against AAMCO and its franchisee in violation of a law, rule or public policy, in violation of the New Jersey Conscientious Employee Protection Act ("CEPA").

32. Defendants acted with malice or with disregard to the harm they were causing Plaintiff.

33. Defendants caused Plaintiff to suffer economic, physical and emotional harm.

**WHEREFORE**, Plaintiff demands judgment against the Defendants and seeks damages for back pay, front pay, lost benefits, other compensatory damages, punitive damages, compensation for the negative tax consequences of receiving payment in a lump sum; interest, costs of suit, and such other relief that the Court may deem just and proper.

## COUNT TWO – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

34. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

35. Defendants retaliated against Plaintiff for pursuing his legal claim against AAMCO and its franchisee based on conduct by the Defendants that he reasonably believed to be a violation of a law, rule or public policy.

36. Defendants acted with malice or with disregard to the harm they were causing Plaintiff.

37. Defendants caused Plaintiff to suffer economic, physical and emotional harm.

**WHEREFORE**, Plaintiff demands judgment against the Defendants and seeks damages for back pay, front pay, lost benefits, other compensatory damages, punitive damages, compensation for the negative tax consequences of receiving payment in a lump sum; interest, costs of suit, and such other relief that the Court may deem just and proper.

## COUNT THREE – PROMISSORY ESTOPPEL

38. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

39. Defendants made a clear and definite promise to Plaintiff that he would be employed by AAMCO to work at its Newark Center.

40. Defendants failed to keep their promise to Plaintiff to employ him at its Newark Center, knowing that Plaintiff had relied on such promise.

41. Plaintiff reasonably relied on the promise made by Defendants to his detriment.

42. Defendants caused Plaintiff to suffer economic, physical and emotional harm.

**WHEREFORE**, Plaintiff demands judgment against the Defendants and seeks damages for back pay, front pay, lost benefits, other compensatory damages, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorneys fees, costs of suit, and such other relief that the Court may deem just and proper.

**COLIN M. PAGE & ASSOCIATES**
Attorneys for Plaintiff

Date: 9/14/12

Colin M. Page, Esq.

## DEMAND FOR TRIAL BY JURY

Plaintiff, Carlos Chavez, demands a trial by jury on all issues.

**COLIN M. PAGE & ASSOCIATES**
Attorneys for Plaintiff

Date: 9/14/12

Colin M. Page, Esq.

### DESIGNATION OF TRIAL COUNSEL

Colin M. Pag, Esq. is hereby designated as trial counsel in this matter.

Date: 9/14/12

COLIN M. PAGE & ASSOCIATES
Attorneys for Plaintiff

Colin M. Page, Esq.

### CERTIFICATION PURSUANT TO R. 4:5-1

I, Colin M. Page, certify as follows:

I am counsel for Plaintiff, Carlos Chavez, in this matter. To the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding, and no other action or arbitration proceeding is contemplated, and no other parties should be joined to this action.

I certify that the foregoing statements are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Date: 9/14/12

COLIN M. PAGE & ASSOCIATES
Attorneys for Plaintiff

Colin M. Page, Esq.

```
ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK          NJ 07102
                                            TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 693-5529
COURT HOURS

                         DATE:    SEPTEMBER 17, 2012
                         RE:      CHAVEZ VS AAMCO TRANSMISIONS INC
                         DOCKET:  ESX L -006823 12

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS: HON MICHAEL J. NELSON

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT: (973) 693-6443 EXT 6431.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                         ATTENTION:
                                    ATT: COLIN M. PAG
                                    PAGE & ASSOCS      COLIN       M
                                    333 RTE 46 WEST
                                    2ND FLR
                                    MOUNTAIN LAKES    NJ 07046

JUGOKR0
```

Appendix XII-B1



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | ☐ CK  ☐ CG  ☐ CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Colin M. Page, Esq. | (973) 794-6188 | Essex |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Colin M. Page & Associates | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 333 Route 46 West, 2nd Floor<br>Mountain Lakes, NJ 07046 | Complaint |
| | JURY DEMAND  ■ Yes  ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Carlos Chavez, Plaintiff | Chavez v. AAMCO Transmissions, Inc. and American Driveline Centers, Inc. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO |
|---|---|
| 616 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ■ Yes  ☐ No | HUD-L-2558-10 |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ Yes  ■ No | ☐ NONE<br>■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: | | |
|---|---|---|---|
| ■ Yes  ☐ No | ■ EMPLOYER/EMPLOYEE<br>☐ FAMILIAL | ☐ FRIEND/NEIGHBOR<br>☐ BUSINESS | ☐ OTHER (explain) |

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ■ Yes  ☐ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| ☐ Yes  ■ No | |
| WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
| ☐ Yes  ■ No | |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 05-07-2012, CN 10517-English

page 1 of 2

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 285 STRYKER TRIDENT HIP IMPLANTS
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 623 PROPECIA

**Mass Tort (Track IV)**
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 284 NUVARING
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 601 ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ Putative Class Action    ☐ Title 59

Effective 05-07-2012, CN 10517-English